**The Law Offices of Jeffrey Lohman, P.C.**
JEREMY E. BRANCH, State Bar No. 303240
4740 Green River Road, Suite 219
Corona, CA 92880
(951) 704-3475
(714) 362-0097 - fax
E-Mail: JeremyB@jlohman.com

Attorney for Plaintiff,
TARA ALKAZIAN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARA ALKAZIAN, <br><br> Plaintiffs, <br><br> v. <br><br> NAVIENT SOLUTIONS, LLC, <br><br> Defendant. | Case No.: <br><br> **PLAINTIFF'S VERIFIED COMPLAINT FOR DAMAGES** <br> **(Unlawful Debt Collection Practices)** |

## **VERIFIED COMPLAINT**

TARA ALKAZIAN ("Plaintiff"), by her attorneys, alleges the following against NAVIENT SOLUTIONS, LLC ("Defendant"):

1. Plaintiff brings this action on behalf of herself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting

Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), *47 U.S.C. § 227 et seq* and in violation of California's Rosenthal Fair Debt Collection Practices Act (hereinafter RFDCPA), *Ca Civ. Code § 1788.17*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). See, *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

3. Venue is proper in the United States District Court for the Central of California pursuant to 28 U.S.C § 1391(b) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## PARTIES

4. Plaintiff is a natural person residing in county of Los Angeles, in the city of Northridge, California.

5. Defendant is a corporation doing business in the State of California and is a Delaware corporation, with its principal place of business located in Wilkes-

Barre, Pennsylvania.

6. At all times relevant to this Complaint, Defendant has acted through its agents employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## **FACTUAL ALLEGATIONS**

7. Defendant is a "person" as defined by 47 U.S.C. § 153 (10).

8. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts incurred through purchases made on credit issued by Defendant.

9. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (818) 620-57XX.

10. Defendant places collection calls to Plaintiff from phone numbers including, but not limited to, (888) 272-5543.

11. Per its prior business practices, Defendant's calls were placed with an automated dialing system ("auto-dialer").

12. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a) (1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, TARA ALKAZIAN.

13. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

14. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

15. Defendant never received Plaintiff' "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

16. On October 13, 2016, at or around 12:30 p. m. Pacific Standard Time, Plaintiff called into Defendant's company at phone number (888) 272-5543. Plaintiff spoke with Defendant's female representative and requested that Defendant cease calling Plaintiff's cellular phone.

17. During the conversation, Plaintiff gave Defendant both her phone number and social security number to assist Defendant in accessing her account before asking Defendant to stop calling her cell phone.

18. Plaintiff revoked any consent, explicit, implied, or otherwise, to call her cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in her conversation with Defendant's representative on October 13, 2016.

19. Despite Plaintiff's request to cease, Defendant placed another two collection calls to Plaintiff on October 13, 2016, Defendant placed one (1) call to Plaintiff and two (2) more calls on October 15, 2016.

20. Defendant continued to place collection calls to Plaintiff through December 17, 2016.

21. Despite Plaintiff's request that Defendant cease placing automated collection calls, Defendant placed at least one-hundred fifty-three (53) automated calls to Plaintiff's cell phone.

### **FIRST CAUSE OF ACTION**
### **NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
### **47 U.S.C. § 227**

22. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-21.

23. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

24. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

25. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

///

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 et. seq.

26. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-25.

27. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

28. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

29. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT
## COLLECTION PRACTICES ACT
## CA CIV CODE § 1788.17

30. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-28.

31. Defendant violated the RFDCPA based on the following:
    a. Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq*.

WHEREFORE, Plaintiff, TARA ALKAZIAN, respectfully requests judgment be entered against Defendant, NAVIENT SOLUTIONS, LLC, for the following:

32. Declaratory judgment that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act,
33. Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*,
34. Actual damages,
35. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*, and
36. Any other relief that this Honorable Court deems appropriate.

///

///

///

///

///

## JURY TRIAL DEMAND

37. Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED,

DATED: March 31, 2017

**The Law Offices of Jeffrey Lohman, P.C.**

By: /s/_____
JEREMY E. BRANCH
Attorney for Plaintiff